## FREEPORT TEXAS CO. et al. v. UNITED STATES.

### No. K–452.

Court of Claims.
July 5, 1932.

For former opinion, see 58 F.(2d) 473.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, J.

Plaintiffs move the court to set aside the judgment rendered in the above-entitled cause, grant a new trial, amend the findings, and, upon the findings as amended, to award judgment to the plaintiffs. Plaintiffs' motion is based upon the contention that the court should have included in finding 8 a statement that the amount of "constructive invested capital" used by the defendant in computing plaintiffs' excess profits tax was $9,236,398.30, and it is argued that upon this finding a correct computation may be made as to the amount of tax overpaid by the plaintiffs for the year in controversy.

In support of this motion, plaintiffs present an intricate calculation to prove that this computation of the amount of the constructive invested capital used by the Commissioner in computing plaintiffs' taxes under the so-called special assessment provisions was as stated above. But we are of the opinion that we have no occasion to determine this amount, and that, if it were determined, it would be immaterial to the decision of the case, and therefore has no proper place in the findings.

It is true that the court said in the first part of the original opinion that nothing had been presented to the court showing that the Commissioner's calculation of the amount overpaid was incorrect, and also further on that there was no way of determining whether the calculation of the Commissioner of the amount of the overpayment was too large or too small. But this was not the main point upon which the decision rested. There were several others which we considered sufficient to defeat plaintiffs' right to recover. Plaintiffs' suit was based upon the special provisions of section 284 (e) of the Revenue Act of 1926 (26 USCA § 1065 (e), and, unless the requirements of the provisions of this section were met, plaintiffs could not avoid the statute of limitations. The original opinion states that "the outstanding defect in plaintiffs' case" is the failure to meet the requirements of the statute upon which they rely. Both the majority and the concurring opinions point out that the fact, if it be a fact, that plaintiffs overpaid their taxes for the year in question is not by itself and alone sufficient to avoid the statute of limitations. As stated in the former opinion, the statute does not provide that any overpayment may be recovered, but only such as have been caused and brought about in the manner prescribed by the statute. The specifications as to the manner in which plaintiffs' case failed to meet the requirements of the statute are, as we think, so clearly set out in both the majority and concurring opinions as to make it unnecessary

to repeat them here. If we were correct in the conclusions expressed therein, it follows that the final decision would be no different if the additional finding now asked by the plaintiffs were made.

The motion for new trial is therefore overruled.